FILED
 2013 Aug-09  PM 04:02
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| WALTER MELTON, ) | |
| ) | |
|     Plaintiff , ) | |
| ) | |
| v. ) | Case No. 7:11-cv-01115-LSC-MHH |
| ) | |
| SHERIFF DAVID ABSTON, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a report on October 22, 2012, recommending that the Court dismiss plaintiff Walter Melton's claims against defendants Pickens County, the Pickens County Commission, Pickens County Commissioners, Dr. Nikki Christensen, Nurse Corisa O'Mary, and the Pickens County Medical Center without prejudice for failure to state a claim upon which relief can be granted. (Doc. 70). In addition, the magistrate judge recommended that the Court refer Mr. Melton's claims against the remaining defendants to her for further proceedings. Mr. Melton objected to the Report as it pertains to his claims against Dr. Christensen, Pickens County Medical Center, Pickens County, the Pickens County Commission, and members of

the Pickens County Commission. (Doc. 71, p. 1). For the reasons stated below, the Court overrules Mr. Melton's objections and adopts the Report and Recommendation.

**ANALYSIS**

Dr. Christensen

In his objections to the magistrate judge's Report and Recommendation, Mr. Melton asserts additional allegations against Dr. Christensen in support of his contention that she failed to provide adequate medical care to him. Mr. Melton submits that when Dr. Christensen examined him on September 10, 2010 to evaluate his chest pains and shortness of breath, he told her that his arm was broken, and he needed treatment. (Doc. 71, pp. 2-3). According to Mr. Melton, Dr. Christensen reviewed a May 7, 2010 x-ray report regarding his arm, and he informed her "that the orthopaedic doctor had changed his report to help the Jail." (Doc. 71, p. 3). Mr. Melton contends that Dr. Christensen "abandoned her examination" of his arm after a deputy instructed her "not to worry about the arm." (Doc. 71, p. 3).

These additional factual allegations are not sufficient to show that Dr. Christensen acted with the requisite "subjective intent to punish." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).[1] Dr. Christensen saw Mr. Melton only once

---

[1] In his initial and amended complaints, Mr. Melton asserted his claims for inadequate medical care as due process claims under the Fourteenth Amendment of the United States

2

in the emergency room for chest pains and shortness of breath. Although Mr. Melton made Dr. Christensen aware of the injury to his arm, Mr. Melton concedes that Dr. Christensen's Emergency Department Report states that Melton was "under evaluation by an orthopedist." (Doc. 71, p. 3).[2] These allegations do not support a claim against Dr. Christensen for deliberate indifference to medical needs. To the extent that Dr. Christensen's alleged acts or omissions may be characterized as negligence or malpractice, they cannot form the basis of a constitutional claim under §1983. *Redd*, 160 F. App'x at 860. Therefore, the magistrate judge correctly

---

Constitution. (*See* Doc. 66, pp. 15-18). Fourteenth Amendment due process claims regarding medical care typically arise with respect to pretrial detainees; sentenced prisoners ordinarily assert claims for deliberate indifference to their medical needs under the Eighth Amendment. Because "the minimum standard allowed by the due process clause [for pretrial detainees] is the same as that allowed by the Eighth Amendment for convicted persons," the distinction does not make a difference in this case. *Redd v. Conway*, 160 Fed. Appx. 858, 860 (11th Cir. 2005) *(quoting Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir.1985)). "Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). However, '[m]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.' *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir.1991) (internal citations omitted). The analysis of a claim of deliberate indifference has two components: (1) whether evidence of a serious medical need existed; and (2) whether the defendant's response to that need constituted deliberate indifference. *Adams v. Poag,* 61 F.3d 1537, 1543 (11th Cir.1995)." *Id.*

[2] When they filed their Special Report, defendants Sheriff David Abston, Chief Deputy Greg Carr, and Nurse Tanya Ray placed Dr. Christensen's records from Mr. Melton's September 10, 2010 emergency room visit in the record. Those records reveal that Dr. Christensen evaluated Mr. Melton because he complained of chest pain and shortness of breath. (Doc. 22-4). Dr. Christensen's Emergency Department Report states, "[Mr. Melton] has pain to the left humeral area with some abnormality noted, but of note he was seen here in May for the same thing and that is currently under evaluation by an orthopedist." (Doc. 22-4, pp. 15-16).

3

determined that the complaint fails to present facts which allow Mr. Melton to proceed with a claim for deliberate indifference against Dr. Christensen.[3]

Pickens County and Pickens County Commission

Mr. Melton also provides additional information in his objections with respect to the notice that the Pickens County Commission purportedly received regarding his alleged mistreatment. He contends that in February 2011, Greta Mason notified commissioners of his plight and that the Commission's insurance carrier eventually contacted him to inquire about his claims. (Doc. 71, pp. 3-4). Mr. Melton repeats his conclusory allegation that the Commission failed to adequately fund the jail, and he asserts that the commissioners had a duty under state law to investigate his allegations. (*Id*. at 5).

Although Alabama counties are charged with certain duties regarding the building and funding of county jails, "none of these duties relates to the daily operation of the jails or to the supervision of inmates." *Turquitt v. Jefferson County,*

---

[3] Mr. Melton's claim against the Pickens County Medical Center fares no better. As noted in the Report and Recommendation, Mr. Melton may pursue a § 1983 claim against the Medical Center only if he can prove that the corporation, which provided medical services to prisoners on a contractual basis, had a policy or custom that contributed to the alleged constitutional violation in this action. (Doc. 70, p. 11). In his objections, Mr. Melton asserts that the fact that he was "allowed to leave" the Medical Center "on two separate occasions with a serious medical need . . . can be construed as a policy/custom" of the Medical Center. (Doc. 71, p. 4). Mr. Melton offers no authority to support his unpersuasive contention.

*Ala.*, 137 F.3d 1285, 1289-90 (11th Cir. 1998). In *Turquitt*, the Eleventh Circuit Court of Appeals recognized that the Alabama statutes that allow counties to remain informed of the conditions within their jails—including § 11-14-22 which Mr. Melton cites—"are entirely consistent with the counties' limited role in building and funding the jails and *do not imply or impart any control over the jails's operation.*" *Id*. at 1290 (emphasis added). The magistrate judge therefore properly concluded that neither Pickens County nor the Pickens County Commission (nor the members of the Commission) may be held liable for the alleged improper operation of the Pickens County Jail.

**CONCLUSION**

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court **ADOPTS** the magistrate judge's report and **ACCEPTS** her recommendation. It is therefore **ORDERED** that the plaintiff's claims against Pickens County, the Pickens County Commission, Pickens County Commissioners, Dr. Nikki Christensen, Nurse Corisa O'Mary, and the Pickens County Medical Center are **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which

relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The claims against the remaining defendants are referred to the magistrate judge for further proceedings.

The Clerk is DIRECTED to serve a copy of this order upon the plaintiff and upon counsel of record.

Done this 9th day of August 2013.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]