FILED
2015 Jan-16 AM 11:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| WALTER MELTON, | ) |
| Plaintiff; | ) |
| vs. | ) 7:11-CV-1115-LSC |
| SHERIFF DAVID ABSTON, et al., | ) |
| Defendants. | ) |

MEMORANDUM OF OPINION

I.  Introduction

Plaintiff, Walter Melton ("Melton"), filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging deprivation of rights, privileges, or immunities afforded him under the Constitution or laws of the United States during his incarceration at the Pickens County Jail in Carrollton, Alabama. The defendants remaining in this action are Dr. Manly Sullivan, Dr. Leslie Fowler, Nurse Tanya Ray, Sheriff David Abston, Deputy Debra Abston, Chief Deputy Greg Carr, Deputy Tyler Booth, and Deputy Davis Ellis. Currently before the Court are the special reports filed by these defendants, which the Court construed as motions for summary judgment, and to which Melton has responded. The Magistrate Judge filed a report and

recommendation on December 12, 2014, recommending that this Court deny the defendants' motions for summary judgment. (Doc. 125.) All of the defendants filed objections to the report and recommendation on January 9, 2015. (Docs. 128 and 129.)

Having reviewed the matter, and having the benefit of the defendants' objections, which the Magistrate Judge did not have, this Court finds that the Magistrate Judge's report and recommendation is not due to be adopted. Summary judgment in favor of all defendants is due to be granted and this case dismissed with prejudice.

II. Discussion

As recounted in the report and recommendation, Melton alleged that prison officials and medical personnel conspired to and did violate his Eighth Amendment right to be free from cruel and unusual punishment by delaying providing surgery to replace hardware that had become loose within his left arm, unless he paid for the surgery himself.

The United States Supreme Court has held that it is only deliberate indifference to serious medical needs that is actionable under 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The conduct of prison officials must run counter to

evolving standards of decency or involve the unnecessary and wanton infliction of pain to be actionable under § 1983. *See Bass v. Sullivan*, 550 F.2d 229, 230 (5th Cir.1977). "[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989). Further, a mere difference of opinion between an inmate and the institution's medical staff as to treatment and diagnosis does not give rise to a cause of action under the Eighth Amendment. *See Smart v. Villar*, 547 F.2d 112, 114 (10th Cir.1976); *see also Estelle*, 429 U.S. at 106–08.

An official may act with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening or urgent medical condition that would be exacerbated by delay. *See Hill v. DeKalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1186–87 (11th Cir. 1994), abrogated on other grounds by *Hope v. Pelzer*, 536 U.S. 730 (2002); *see also Harris v. Coweta County*, 21 F.3d 388, 394 (11th Cir. 1994). Delay in access to medical treatment can violate the Eighth Amendment when it is "tantamount to 'unnecessary and wanton infliction of pain.'" *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.1990) (internal citations omitted).

A medical need is considered serious when delay results in an inmate suffering

"a lifelong handicap or permanent loss." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987). An inmate claiming an unconstitutional delay in medical treatment "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Hill*, 40 F.3d at 1188, abrogated on other grounds by *Hope v. Pelzer*, 536 U.S. 730 (2002). In other words, courts have found cognizable deliberate-indifference claims only when prison officials delayed treatment for life-threatening emergencies or in situations "where it is apparent that delay would detrimentally exacerbate the medical problem." *Id.* at 1187.

Here, the Magistrate Judge ruled that because the condition Melton's arm was in constituted a serious medical need and because his physicians indicated that the "only" approach to correct the problem was surgery, that the defendants' decision to refuse to perform the surgery unless Melton paid for it himself constituted a deliberate indifference to a serious medical need.

All of the defendants objected to this conclusion, arguing that the evidence of record actually shows that Melton's physicians relied on radiological reports to reach the medical opinion that Melton's arm injury was not acute but was rather a long-standing problem, and that while surgery was the only way to permanently *cure* the

condition, that conservative treatment, including pain medication and an arm sling, was an appropriate way to *treat* the condition, and emergency surgery was thus not required. (*See* doc. 93-1, at pp. 2-255.) The defendants contend that conservative treatment with pain medication in lieu of immediate surgery for a non-emergency condition does not amount to deliberate indifference.

When objections are filed to a Magistrate Judge's proposed findings of fact and recommendation, the district court is to "make a de novo determination of those portions of the report . . . to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C); *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

This Court agrees with the defendants for all of the reasons stated in the objections. The record shows that while Melton was incarcerated and complaining of arm pain, he was examined, underwent diagnostic procedures, had consultations with independent outside specialists including Dr. Fowler who determined that his injury was not an emergency situation, and was thus prescribed pain medication and an arm sling to alleviate his discomfort. Melton has presented no evidence, other than his own conclusory allegations, that the defendants, in treating Melton in this manner, disregarded a risk of serious harm which is required to support a claim of deliberate indifference. Moreover, Melton did not provide any evidence that the conservative

treatment he received or the delay in surgery resulted in exacerbated damage to his arm or hand, which is required to show that the delay amounted to deliberate indifference. Indeed, according to Melton's complaint, once he eventually underwent surgery on his left arm, the post-operative x-ray revealed that he received a good result and that "his bone had completely healed." (*See* Doc. 66, Plaintiff's Final Amended Complaint at ¶ 48.) At its core, Melton's argument indicates a disagreement with the course of diagnosis and treatment by his physicians. These types of decisions, however, are a "classic example of a matter for medical judgment" that cannot serve as a basis for a proper Eighth Amendment deliberate indifference claim. *Estelle*, 429 U.S. at 107; *see also H.C. ex rel. Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986) ("[T]he failure to provide diagnostic care and medical treatment *known to be necessary* [i]s deliberate indifference.") (emphasis added); *Gray v. CHS Prison Medical*, 2013 WL 1180380 (N.D. Ala. 2013) (ruling that the defendants were not guilty of deliberate indifference for an alleged delay in providing surgical care to an inmate with documented bulging discs in his cervical spine and cervical spondylosis because prison officials administered conservative care and pain medication, sent him in for a consultation with outside specialists, and requested various diagnostic procedures). With regard to the non-medical prison official defendants, they received guidance

from the physicians that Melton did not require immediate surgery, and followed the physician's instructions with regard to medication intended to alleviate any pain suffered by Melton. The defendants also took the further step of offering to facilitate Melton in receiving the surgery he desired, as long as he made arrangements to pay for the surgery. There is no controlling case law indicating that the sheriff or other prison official is required to go against the medical judgment of the physicians and independently seek an alternative form of medical care for the plaintiff, absent exigent circumstances. Finally, with regard to Dr. Fowler, a private physician treating Melton at a private medical institution and who was thus not acting under color of state law for purposes of § 1983 liability, *see Johnson v. Health Hosp.*, 208 F. App'x 797 (11th Cir. 2006), the Magistrate Judge nonetheless recommended allowing Melton's § 1983 conspiracy claim against him to survive summary judgment on the conclusion that, in opining that Melton did not need emergency surgery, Dr. Fowler conspired with prison officials to avoid having to pay for the surgery. This Court does not agree with that conclusion. There is no evidence in the record supporting the inference that Dr. Fowler, who would have no motivation to *deprive* Melton of having the surgery, so conspired. A conspiracy claim will not survive a motion for summary judgment based on a "mere scintilla of evidence." *Rowe v. Bd. of Cty Comm'r of Alachua County, Fla.*,

956 F.2d 1112, 1122 (11th Cir. 1992).

III.   Conclusion

Having carefully reviewed and considered *de novo* all the materials in the court file, including the objections to the report and recommendation which the Magistrate Judge did not have, this Court cannot agree that there is a triable issue of fact on Melton's deliberate indifference claim.  Accordingly, the Magistrate Judge's report is not due to be adopted and accepted, the defendants' special reports, construed as motions for summary judgment, are due to be granted.  A separate order will be entered.

Done this 16th day of January 2015.

L. Scott Coogler
United States District Judge
[160704]